**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chaim Lebovits, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br><br> -v.-<br>Midland Credit Management, Inc.,<br>and John Does 1-25.<br><br>        Defendants. | Index No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Chaim Lebovits, improperly spelled as Ghaim Lebowits on the collection letter, (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Midland Credit Management, Inc. (hereinafter "MCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA') in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692, *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 20 Wiener Dr., Unit 301, Monsey, NY10952.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3500 Camino De La Reina, Suite 300, San Diego, California 92108 and may be served process upon the Corporation Service Company at 80 State Street, Albany, NY 12207-2543.

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant MCM sent a collection letter attempting to collect a consumer debt;
    c. regarding collection of a debt;
    d. that threatened imminent litigation during the Coronavirus epidemic,
    e. without advising the consumer of possible accommodations during the Coronavirus epidemic;
    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms **attached as Exhibit A**, violate 15 § l692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to May 7, 2020, an obligation was allegedly incurred to Capital One Bank (USA), N.A.

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically a Capital One Bank (USA), N.A. credit card, used for these types of transactions.

23. The alleged Capital One Bank (USA), N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Capital One Bank (USA), N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Capital One Bank (USA), N.A. contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

## *May 7, 2020  Collection Letter*

27. On or about May 7, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Capital One Bank (USA), N.A.  See Letter attached as Exhibit A.

28. The letter makes several indications that the legal action on the alleged debt is imminent.

29. The top of the letter contains a bold heading stating "FINAL NOTICE EXTENSION" and "PRE-LEGAL NOTICE."

30. Underneath the breakdown of the debt, the letter states, "Extra Flexibility in Light of Recent Events Stop the Pre-Legal Review"

31. Above the body of the letter is another bold heading that states: "Your Options to Stop this Pre-Legal Review."

32. The body of the letter states: "We know times are tough.  That's why we are offering you additional flexibility – and more time-to avoid the planned attorney review.  These generous one-time options are ONLY available until 6/6/2020: pay TODAY at MidlandCredit.com or call 877-875-1779 now."

33. Thus, the letter is replete with the message that litigation is imminent.

34. Yet, the letter was sent during the global pandemic known as Covid-19 without any mention of the possible relief being given to consumers, including the fact that Courts in New York State were not open at all even for electronic filings and when finally open, were granting

relief for impending lawsuits by presumptively granting extensions and accommodations for those affected by COVID-19.

35. Furthermore, the letter does not make any mention of other forms of relief available to the consumer under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4201 (2020) ("the CARES Act").

36. The letter makes no mention of the possibility of such an accommodation nor does it mention any relief whatsoever for consumers during the Coronavirus epidemic, when in fact debt collectors such as this Defendant were instructed to make accommodations for consumers, not threaten to make their life worse.

37. The letter is misleading and deceptive by threatening an imminent lawsuit and without properly qualifying that the consumer may be entitled to an "accommodation," and this accommodation could actually help the consumers credit score, payment ability and delay any imminent lawsuit. Merely mentioning "Extra Flexibility in Light of Recent Events" is not enough to convey the extent of the accommodations available to the consumer during the epidemic, especially when New York State Courts were completely closed to lawsuits of this nature.

38. It is deceptive to threaten an imminent lawsuit without providing information that there is immediate relief available to the consumer.

39. In addition, the letter in the top right corner states, "Extra Flexibility in Light of Recent Events Stop the Pre-Legal Review.

40. The phrase "Pre-Legal" indicates that the review would not be done by an attorney, but rather through a "Pre-Legal" process, i.e., a review before the file reaches an attorney.

41.     The letter further states "We know times are tough. That's why we are offering you additional flexibility-and more time- to avoid the planned attorney review."

42.     The language "attorney review" implies that an actual attorney will be reviewing the file.

43.     The letter makes a statement that can have two meanings only one of which can be true.

44.     The consumer does not know if making a payment as provided in the letter would avoid actual legal review by an attorney which would mean the possibility of litigation is imminent or if a payment would be avoiding a pre-legal review which means that litigation is less imminent and therefore would have an impact on whether and when the consumer would make payments provided for in the letter.

45.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.     Defendant violated said section by:

    a. Making a false and misleading representation in violation of but not limited to §1692e (10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

53. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

54. Defendant violated this section by

    a. unfairly stating that the balance may increase due to "other charges", when no other charges are allowed by contract or law;

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaim Lebovits, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 28, 2020                                    Respectfully Submitted,

                                        */s/ Raphael Deutsch*
                                        By:  Raphael Deutsch, Esq.
                                        **Stein Saks PLLC**
                                        285 Passaic Street
                                        Hackensack, NJ 07601
                                        Phone: (201) 282-6500 ext. 107
                                        Fax: (201) 282-6501
                                        *Attorneys For Plaintiff*